## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH M. NJERI,**

**Petitioner,**

     **vs.**

**LORETTA LYNCH,**
**JEFF CHARLES JOHNSON,**
**RICARDO A. WONG,**
**MICHAEL LANDMEIER, and**
**WARDEN OF PULASKI IMMIGRATION DETENTION FACILITY,**

**Respondents.**                    **Case No. 16-cv-369-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Joseph Njeri, a citizen of Kenya, is currently detained at the Pulaski Immigration Detention Center in Ullin, Illinois. On April 1, 2016, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), in order to challenge his continuous detention by Immigration and Customs Enforcement ("ICE") officials since June 19, 2014. (Doc. 1, p. 3). Njeri contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c), and his continued detention without a bond hearing violates the plain language of 8 U.S.C. § 1226 and his right to due process under the law. (Doc. 1, pp. 7-12). He seeks a preliminary injunction enjoining respondents from further unlawfully detaining him and a fair bond hearing. *Id.* at 13.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District

Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition (Doc. 1), the Court concludes that the petition warrants expedited review.

### Habeas Petition

Njeri, a native and citizen of Kenya, entered the United States on or about January 14, 2006 on an F-1 student visa.  (Doc. 1, p. 3).  In 2010, he married a United States citizen, who later gave birth to his daughter.  *Id*. at 15.

Njeri states the he was "convicted of two D.U.I.'s in Indiana, one of them in 2010 and the other in 2012, and one offense in Wabash county which was a mischief with food a class B misdemeanor."  *Id*. at 7.  On at least one of the DUI's, Njeri pled guilty and was sentenced to a year confinement, which the court suspended for all but six days of his confinement.  *Id*. at 24.

On June 19, 2014, a year after completing his sentence and all of the community rehabilitative programs he was required to do, Immigration and Customs Enforcement officials picked him up at his home and detained him pursuant to 8 U.S.C. § 1226(c) pending removal proceedings.  *Id*. at 6.

On June 18, 2015, an immigration judge ordered that Njeri be removed to Kenya.  *Id*. at 5.  Njeir appealed the removal order to the Board of Immigration Appeals ("BIA") on July 13, 2015.  *Id*.  BIA dismissed Njeri's appeal on November 5, 2015.  *Id*.  Njeri filed a timely appeal a few weeks later with the Seventh Circuit

Court of Appeals.  *Id.*  A review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov)[1] indicates that the Seventh Circuit has stayed the order of removal, denied respondent's motion to remand, and ordered briefing on Njeri's appeal.  *See Njeri v. Lynch*, Case No. 15-3623 (7th Cir. filed November 23, 2015).

In the present petition, Njeri argues that he is not subject to mandatory detention during his pending removal proceedings under 8 U.S.C. § 1226(c).[2]  He claims that § 1226(c) requires the government to take an alien into immigration custody "when the alien is released" from criminal custody, and this means "immediately upon release," not a year later, as in his case.  (Doc. 1, pp. 7-12).  In addition, Njeri asserts that his indefinite detention without a bond hearing violates his substantive and procedural due process rights.  *Id.* at 12.  He seeks a preliminary injunction enjoining respondent from further unlawfully detaining him and a fair bond hearing.  *Id.* at 13.

## Discussion

Dismissal of the petition is not appropriate at this time.  The district court has subject matter jurisdiction over habeas petitions challenging the constitutionality of § 1226(c).  *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1015

---

[1] A court may take judicial notice of public records available on government websites. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

[2] Section 1226(c) requires the Attorney General to take into custody aliens the Government has charged as being removable because they have been convicted of certain crimes or are reasonably suspected of terrorism.  *See* 8 U.S.C. § 1226(c)(1).  Aliens who fall into these categories are ineligible for an individualized bond hearing, where they may establish that they are not dangerous or a flight risk, unless their release is necessary for cooperation in a criminal investigation.  8 U.S.C. § 1226(c)(2).

(7th Cir. 2004).  The Seventh Circuit has not yet considered, as far as this Court is aware, whether a temporal gap in custody would act as a bar to § 1226(c)'s mandatory detention provision.   But even assuming, without deciding, that mandatory detention was initially proper, Njeri has now been detained for nearly two years.  This type of prolonged detention without a bond hearing raises serious concerns.   *See e.g., Lora v. Shanahan*, 804 F.3d 601, 614 (2d Cir. 2015) ("Accordingly, we join every other circuit that has considered this issue, as well as the government, in concluding that in order to avoid serious constitutional concerns, section 1226(c) must be read as including an implicit temporal limitation.")

Given the challenges to § 1226(c) and the due process concerns raised in the petition, the length of Njeri's detention thus far, and his request for a preliminary injunction, the Court finds that an expedited review of this matter is warranted.  As such, the Court orders expedited briefing in accordance with the schedule set forth in the disposition section below.   Once the parties have completed briefing on the issues, the Court will set a hearing on this matter as soon as practicable.

With that said, Njeri has named several respondents who are not proper. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement awaiting removal" could only name the person who has immediate custody of him during his detention,

and not high-level ICE officials or the Attorney General. *Id.* Accordingly, all respondents other than the Warden of the Pulaski Immigration Detention Facility will be dismissed from this case.

## Disposition

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shall receive further review.

**IT IS FURTHER ORDERED** that Loretta Lynch, Jeff Charles Johnson, Ricardo Wong, and Michael Landmeier are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Pulaski Immigration Detention Facility shall answer the petition within fourteen (14) days of the date this Order is entered; Njeri shall file a response to the answer within fourteen (14) days after the answer is filed; and the Warden shall file a reply to Njeri's response no later than seven (7) days thereafter.[3]  This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.  Service upon the Warden, Pulaski Immigration Detention Facility, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution and pursuant to Federal Rule of Civil Procedure 4(i), the Clerk is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney

---

[3] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the court of this litigation is a guideline only.

General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration and Customs Enforcement.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 7, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.04.07
09:55:19 -05'00'

**United States District Court**