IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH NJERI,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**WARDEN, PULASKI IMMIGRATION** )<br>**DETENTION FACILITY,** )<br>)<br>Respondent. ) | Civil No.  16-cv-369-DRH-CJP |

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Joseph Njeri filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE).  In response to this Court's recent order, respondent filed a status report stating that petitioner has been removed.  See, Doc. 22.

### Relevant Facts and Procedural History

According to respondent, petitioner is a native and citizen of Kenya who entered the United States on a student visa in 2006.  He was convicted of at least three criminal offenses thereafter.  In 2014, ICE took him into custody and initiated removal proceedings.  See, Doc. 12.

The §2241 petition asserts that petitioner was not properly subject to mandatory detention under 8 U.S.C. §1226(c), and his continued detention without a bond hearing violates his right to due process of law.  The relief sought is a fair bond hearing and release from unlawful detention.

Respondent disputes that petitioner was held under §1226(c).  Rather,

according to respondent, he was held under §1226(a), and, contrary to petitioner's claim, he was afforded an individualized bond hearing. Doc. 12, p. 4. In any event, Njeri has now been removed to Kenya. Doc. 22, Ex. 1.

## Analysis

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. Petitioner has received the relief

sought, i.e., release from ICE custody.

## Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1) is moot.  This action is **DISMISSED WITHOUT PREJUDICE**

**IT IS SO ORDERED.**

Signed this 13th day of October, 2016.

Judge Herndon
2016.10.13
15:37:42 -05'00'

**United States District Judge**

3